**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JANE GRUPPO, | : | Case No. 1:20-cv-755 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| JANSSEN PHARMACEUTICALS, INC., | : | |
| Defendant. | : | |

**ORDER GRANTING DEFENDANT'S**
**MOTION TO STAY (Doc. 6)**

This case is before the Court on Defendant's Motion for a Stay of All Proceedings Pending a Decision on MDL Centralization (the "Motion to Stay"). (Doc. 6).

In the Motion to Stay, Defendants ask the Court to stay this case while the Judicial Panel on Multidistrict Litigation (the "JPML") considers a motion to transfer this case (and over 60 other cases pending nationwide) to the United States District Court for the District of New Jersey for centralized multidistrict litigation ("MDL") proceedings. (*Id.* at 2–5).

On November 13, 2020, the Court contacted Plaintiff's counsel (via email) to confirm whether the Motion to Stay is opposed. Plaintiff's counsel informed the Court that, while Plaintiff does not oppose a partial stay (a stay on discovery), Plaintiff has requested that Defendant answer its Complaint. Plaintiff's counsel also confirmed that the Court could issue a decision on the Motion to Stay absent further briefing.

Given the foregoing, the Motion to Stay is ripe for adjudication.

Federal courts have the inherent power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "Courts consider three factors when determining whether to . . . [stay] proceedings pending the JPML's decision [as to MDL centralization]: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Currey v. Davol, Inc.*, No. 2:18-CV-222, 2018 WL 2538724, at *2 (S.D. Ohio June 4, 2018) (citing *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)); *see also Little v. McKesson Corp.*, No. 3:16-CV-2144, 2016 WL 8668899, at *2 (S.D. Cal. Dec. 16, 2016) (identifying the same three factors).

On review, the Court concludes that this case should be stayed <u>in its entirety</u>, pending a decision from the JPML as to MDL centralization. While Plaintiff has asked the Court to impose a partial stay (a stay on discovery), the Court concludes that a full stay is more appropriate under the facts of this case. A full stay will ensure that the Court does not waste judicial resources on duplicative litigation. A full stay will ensure that Defendant is not subject to inconsistent rulings. And notably, a full stay seems unlikely to cause Plaintiff undue prejudice. Per Defendant's representation, the JPML is expected to issue a decision as to MDL centralization in mid-December (*i.e.*, a mere month from now). (Doc. 6 at 5). In light of this representation, it seems unlikely that this case will be fully stayed long enough for undue prejudice to result.

Based upon the foregoing:

1. The Motion to Stay (Doc. 6) is **GRANTED**;

2. This case is **STAYED** in its entirety;

3. Defendant is **NOT** required to answer or otherwise respond to Plaintiff's Complaint while the stay imposed by this Order remains in place; and

4. The parties **SHALL** provide the Court with a joint status update, via joint email to Chambers (black_chambers@ohsd.uscourts.gov), within fourteen (14) days after the JPML issues a decision as to MDL centralization.

**IT IS SO ORDERED.**

Date: 11/18/2020

Timothy S. Black
United States District Judge